UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARION GLYNN ASKEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:13-CV-4220-G |
| RAYTHEON COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the defendants' motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) (docket entry 9) and (2) the plaintiff's motion to amend his complaint (docket entry 13). For the reasons stated below, the motion to dismiss is granted in part and denied in part and the motion to amend is granted in part and denied in part.

### I. BACKGROUND

#### A. Factual Background

This case concerns alleged employment discrimination based on race. The plaintiff, Marion Glynn Askew, has worked for defendant Raytheon Company[*] for

---

[*] In their motion to dismiss and other documents filed with the court, the defendants averred that the plaintiff named "Raytheon Precision Manufacturing", a

(continued...)

fifteen years. Amended Complaint ("Complaint") ¶ 1 (docket entry 7). Askew alleges that since 2010, when defendant Johann Bauer became his new supervisor, Bauer has been persistently harassing him on the basis of race. *Id.* ¶ 18. In September, 2010, Askew made a complaint about Bauer's conduct to Raytheon's general manager. *Id.* He also complained to Bauer's supervisor, leading to two meetings with the supervisor, but the harassment did not stop. *Id.* Askew avers that the hostility culminated in Bauer giving Askew a poor performance review in 2011, which caused him to be denied a 2-percent pay raise for the year 2012. *Id.* ¶¶ 19, 21.

Eventually, Askew complained about Bauer to defendant Ben Tong, a human resources manager at Raytheon. *Id.* ¶ 23. Tong told Askew that if he wished to be transferred out of Bauer's supervision, he would have to accept a demotion to the shop floor. *Id.* Raytheon did not offer to mediate Askew's dispute with Bauer. *Id.* In response to this treatment, Askew filed a charge of employment discrimination on the basis of race with the Equal Employment Opportunity Commission ("EEOC") on September 14, 2012. *Id.* ¶ 9. The EEOC issued a right-to-sue notice on July 25, 2013, authorizing this suit. *Id.*

Sheldon Ellis has worked for Raytheon for four years. *See* Plaintiffs' Second Amended Complaint & Jury Trial Demand ("Proposed Amended Complaint") ¶ 2

---

[*](...continued)
non-entity, as a defendant. The plaintiff changed the name of the defendant "Raytheon Precision Manufacturing" to "Raytheon Company" in his later filings.

(docket entry 13-1). Ellis alleges that after Rick Pokorny became his supervisor in early 2012, they got into an argument in front of some other workers about the proper way to approach a project. *Id.* ¶ 36(b). Eventually, Pokorny told the other workers, in reference to Sheldon, "I own him; he'll do what I say." *Id.* Ellis took this as a racially charged comment, and talked to Raytheon's human resources director, Kimberly Quereau, about it. *Id.* She told him that he was "over-reacting." *Id.* When Ellis protested further, Quereau told him she would look into the incident, but she never did. *Id.*

In another incident, on April 26, 2013, a coworker saw Ellis with a plate of chicken, and later sent him a text message that read "If I knew you had fried chicken, I would have gave you some watermelon." *Id.* ¶ 36(d). Ellis complained about the text to Pokorny, who told him that it was a "personal matter," and that he would not take any action to address it. *Id.* Afterward, Sheldon spoke with Quereau about the incident. *Id.* He was again told that she would look into it, but she did not. *Id.* Lastly, on May 3, 2013, after a meeting, a coworker sent Ellis a text that read "You shouldn't talk to the KKK that way." *Id.* ¶ 36(e). Apparently, this referred to the fact that "[w]hite workers at Raytheon sometimes refer to themselves as the KKK because all managers in charge of the department are white." *Id.* Ellis again complained to Pokorny, who again told him that it was a personal matter in which he would not intervene. *Id.* When Ellis showed the text message to Quereau, she again

promised to address the matter but failed to do so. *Id.* Eventually, Ellis filed a charge of race discrimination with the EEOC on May 8, 2013, and was issued a right-to-sue letter on February 24, 2014. *Id.* ¶ 13. Ellis alleges that after he filed the charge with the EEOC, Pokorny retaliated by leaving his welding equipment in a dangerously damaged condition, micro-managing his schedule, and removing him from tasks that he was qualified to perform. *Id.* ¶¶ 37(a)-37(c).

## B. Procedural Background

On October 18, 2013, Askew filed this suit against the defendants. *See generally* Plaintiff's Original Complaint (docket entry 2). Askew amended his complaint on October 27, 2013. *See generally* Complaint. The amended complaint asserts several "general" and "specific" claims. *See* Complaint ¶¶ 11-25. The general claims include unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, breach of Askew's employment contract, and violation of the Fourteenth Amendment right to equal protection of the laws. *Id.* ¶¶ 11-14. The specific claims include (1) Title VII hostile work environment, (2) Title VII discrimination, (3) Section 1981 discrimination, and (4) breach of the employment contract for failure to prevent harassment and to offer mediation. *Id.* ¶¶ 16-25.

On November 11, 2013, the defendants filed a motion to dismiss all of the above claims. *See generally* Defendants' Motion to Dismiss and Brief in Support

("Motion to Dismiss") (docket entry 9). Askew then filed a response. *See generally* Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support ("Plaintiff's Response") (docket entry 12). The defendants did not file a reply in support of their motion.

On March 2, 2014, before the court had ruled on the motion to dismiss, Askew filed a motion to amend his complaint to add (1) a retaliation claim against Raytheon, (2) Sheldon Ellis as a plaintiff, and (3) Rick Pokorny and Kimberly Quereau as defendants. *See* Plaintiffs' Opposed Motion to Amend Complaint ("Motion to Amend") (docket entry 13). The defendants filed a response opposing the motion, *see generally* Defendants' Response to Plaintiff's Motion to Amend Complaint ("Defendants' Response") (docket entry 14), and the plaintiff filed a reply in support of his motion. *See generally* Plaintiffs' Reply to Defendants' Response to Motion to Amend Complaint ("Plaintiffs' Reply") (docket entry 16).

The motions are now ripe for decision.

## II. ANALYSIS

### A. The Defendants' Motion to Dismiss

#### 1. *The Rule 12(b)(6) Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic*


*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice

pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendants "across the line from conceivable to plausible." See *id.* at 679, 683.

2.  *The Title VII Claims*

a.  Individual Defendants

The defendants first argue that Askew cannot bring claims under Title VII of the Civil Rights Act of 1964 against Bauer and Tong as individual defendants. Motion to Dismiss at 5. Title VII prohibits discrimination by an "employer," which is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. §§ 2000e(b), 2000e-2(a). "Only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under [T]itle VII." *Johnson v. TCB Construction*

*Company*, 334 F. App'x 666, 669 (5th Cir. 2009) (quoting *Grant v. Lone Star Company*, 21 F.3d 649, 652 (5th Cir.), *cert. denied*, 513 U.S. 1015 (1994)). "A supervisor is considered an 'employer' under [T]itle VII if he wields the employer's traditional rights, such as hiring and firing." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998).

Askew pleads that Bauer is his supervisor and Tong is Raytheon's human resources manager, Complaint ¶¶ 5-6, but he does not allege that either Bauer or Tong has the power of making hiring or firing decisions with respect to Askew's employment. These two individual defendants, therefore, are not Askew's employers for the purpose of Title VII liability. The defendants' motion to dismiss the plaintiff's Title VII claims against Bauer and Tong is granted.

b. Hostile Work Environment

The defendants next contend that Askew's hostile work environment claim should be dismissed. Motion to Dismiss at 10. To state a *prima facie* claim for a hostile work environment under Title VII, Askew must show that "he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." See *Hernandez v. Yellow Transportation, Inc.*, 670 F.3d 644, 651 (5th Cir.) (quoting *Ramsey*

*v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)) (internal quotation marks omitted), *cert. denied*, __ U.S. __, 133 S. Ct. 136 (2012). For harassment to have "affected a term, condition, or privilege of employment," it must have been "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Carder v. Continental Airlines, Inc.*, 636 F.3d 172, 177 (5th Cir.) (emphasis omitted) (quoting *Harris v. Forklift System, Inc.*, 510 U.S. 17, 21 (1993)), *cert. denied*, __ U.S. __, 132 S. Ct. 369 (2011). Relevant factors in a harassment claim include "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (quoting *Harris*, 510 U.S. at 23)). "[T]he conduct must be both 'objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so.'" *Stewart v. Mississippi Transportation Commission*, 586 F.3d 321, 330 (5th Cir. 2009) (quoting *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 874 (5th Cir.), *cert. denied*, 528 U.S. 963 (1999)).

As a preliminary matter, the plaintiff neglects to allege in his complaint that he is African-American, *see generally* Complaint, but he corrected this deficiency in the proposed amended complaint, so the court will not dwell on the issue. *See* Proposed Amended Complaint ¶ 1. However, while Askew's failure to state his race is easily

curable, he also fails to allege that there was sufficient harassment that was both based on his race and severe or pervasive enough to alter the conditions of his employment to create a claim for hostile work environment. Askew pleads the following facts to support his harassment claim: (1) since 2010 when Bauer became Askew's new supervisor, Bauer has subjected Askew, but not similarly situated white workers, to weekly status report meetings and regular project status inquiries without genuine reason; (2) Bauer made statements that Askew was incompetent and inept; and (3) Bauer gave Askew a poor performance review for the year 2011. Complaint ¶¶ 17-19. In his proposed amended complaint, Askew amplifies these allegations: "[t]he hostility includes severe berating by yelling, intimidation by defamation, and harassing [Askew] with micro-task reporting requirements to make it impossible for him to perform job functions for which he had been hired and performing for years." Proposed Amended Complaint ¶ 16.

At the pleading stage, "a plaintiff need not make a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. Louisiana State University*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002)). However, the plaintiff must allege that there is a connection between his race and the harassment. *Id.* For example, in *Raj*, the Fifth Circuit affirmed the district court's dismissal of the plaintiff's hostile work environment claim because the plaintiff "ha[d] not alleged any

connection between his race and national origin and the harassment alleged in the complaint." *Id.*

Askew's allegations could be sufficiently severe to survive a motion to dismiss, but he has not currently pled any connection between the alleged harassing conduct and his race. Therefore, the defendants' motion to dismiss his hostile work environment is granted, and Askew is granted leave to amend this claim to properly allege, if he can, the required elements.

### c. Race Discrimination

The defendants also contend that Askew's Title VII race discrimination claim should be dismissed. Motion to Dismiss at 9. To state a claim for discrimination under Title VII, Askew must show that he (1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) others similarly situated were treated more favorably. See *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 941 (5th Cir. 2005). In support of his discrimination claim, Askew alleges that he was denied a 2-percent wage increase for the year 2012 based on race, and that although he received a 3-percent pay raise for the year 2013, the 2013 salary was also discriminatory because it was based on the discriminatory 2012 salary. *See* Complaint ¶¶ 21, 25.

As explained above, Askew fails to allege the first element, that he is a member of a protected class, but the error is corrected in his proposed amended complaint.

With respect to the second element, Askew sufficiently pleads that he was qualified for his position, as he has worked for Raytheon for more than fifteen years, and every year between 1998 and 2012, he received a performance review that led to a raise of between 3 and 7 percent.  Complaint ¶ 21.  Askew also pleads sufficient facts to satisfy the third element, that he was subject to an adverse employment action.  Adverse employment actions consist of "'ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'"  *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (quoting *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 657 (5th Cir. 2002)).  The Fifth Circuit has held that denial of a pay increase can constitute an actionable ultimate employment decision.  See *Fierros v. Texas Department of Health*, 274 F.3d 187, 194 (5th Cir. 2001), *overruling on other grounds recognized by Smith v. Xerox Corp.*, 602 F.3d 320, 327 (5th Cir. 2010).

      However, Askew fails to allege that others similarly situated were treated more favorably.  Although a plaintiff need not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss, he must allege that his employer treated similarly situated employees of other races more favorably.  *Raj*, 714 F.3d at 331.  Here, the complaint does not allege any facts, direct or circumstantial, that would suggest that the denial of a 2-percent pay raise was based on his race or that similarly situated employees of other races were treated more favorably.  See

*Hanks v. Shinseki*, No. 3:08-CV-1594-G, 2009 WL 2002917, at *3 (N.D. Tex. July 9, 2009) (Fish, J.) (motion to dismiss granted as to Title VII discrimination claim because the plaintiff did not state "who the other similarly situated employees were or what opportunities they were given that [the plaintiff] was denied."). Askew makes a bald assertion that the defendants denied him a 2-percent wage increase for 2012 on the basis of race, which resulted from Bauer's race-based poor review of Askew's performance in 2011. Complaint ¶ 21. Askew further pleads that he received pay raises between 3 and 7 percent in the previous years and a $500 unsolicited bonus from his former manager for taking initiative. *Id.* These allegations, however, do not show that other similarly situated workers were treated more favorably, because Askew compares the pay raise for 2012 with his own pay raises in the previous years, not with other similarly situated workers' pay raises.

The defendants' motion to dismiss is therefore granted as to the Title VII race discrimination claim. However, the plaintiff may amend this claim to allege, if he can, that other similarly situated workers outside the protected class were treated more favorably.

3. *The 42 U.S.C. §1981 Claims*

The defendants also argue that Askew's claims under 42 U.S.C. § 1981 should be dismissed. Motion to Dismiss at 9-10. To state a claim under Section 1981, Askew must establish three elements: "(1) [he] is a member of a racial minority;

(2) an intent to discriminate on the basis of race by [Raytheon]; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).

Askew corrects his failure to allege the first element, that he is a member of a racial minority, in his proposed amended complaint. Regarding the second element, "'[b]ecause it is often difficult for a plaintiff to provide direct evidence of discriminatory intent, the Supreme Court has created a burden-shifting structure for analyzing such claims, *i.e.*, the *McDonnell Douglas* framework.'" *Hanks*, 2009 WL 2002917, at *4 (quoting *Matthews v. International House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 675 (E.D. La. 2009)). According to this framework, Askew must demonstrate that (1) he is a member of a protected class, (2) he was otherwise qualified for the position, (3) he suffered an adverse employment action, and (4) the action took place under conditions establishing an inference of discrimination. *Id.* The first three elements are identical to the first three elements of a Title VII discrimination claim. *Id*. As discussed above, Askew has pleaded facts which, if taken as true, satisfy the second and the third elements of such a claim.

However, Askew does not plead sufficient facts in support of the fourth element. There are no allegations included in the complaint that give rise to an inference of discrimination. In *Hanks*, the court granted a motion to dismiss a Section 1981 discrimination claim based on the lack of an inference of discrimination

where the plaintiff "plead[ed] only a long list of actions that were allegedly taken against her and the fact that she is African American," and the only allegation relating to anyone's race was that her supervisor had referred to herself as a "redneck." *Hanks*, 2009 WL 2002917, at *4. Here, although Askew pleads that his pay raise for 2012 was significantly less than in the previous years, his allegations do not give rise to an inference that any actions taken against him were based on his race. No comments or references about Askew's race were ever made by any defendant. Furthermore, Askew acknowledges that the 2013 pay raise was back to 3 percent -- the rate that he normally received from 1998 to 2011. Complaint ¶ 25. The defendants' motion to dismiss is therefore granted as to the plaintiff's Section 1981 discrimination claims.

4. *The Fourteenth Amendment Claim*

The defendants next move to dismiss Askew's Fourteenth Amendment claim because the defendants are not state actors. *See* Motion to Dismiss at 6-7. The Fourteenth Amendment claim is not stated in Askew's "specific claims," but is included in his "general claims." *See* Complaint ¶ 12. Askew states that each defendant violated his Fourteenth Amendment right to equal protection of the laws "by engaging in a pattern and practice of unlawful discrimination on the basis of race by subjecting him to a hostile work environment . . . and denying [him] fair salary increases." Complaint ¶12. Askew does not specifically plead 42 U.S.C. § 1983, but that is the statutory remedy for constitutional rights violations, including violations of

the Fourteenth Amendment. See *Lauderdale v. Texas Department of Criminal Justice, Institutional Division*, 512 F.3d 157, 165-66 (5th Cir. 2007).

"To state a valid claim under Section 1983, 'a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Id.* at 165 (quoting *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994)). As stated in the complaint, Raytheon is a Delaware corporation and a military contractor, and Bauer and Tong are Raytheon's employees. Complaint ¶¶ 2-3, 5-6. Therefore, the defendants are private parties. The Fifth Circuit has outlined the various tests that the Supreme Court employs to determine whether a private party has acted under color of state law. See *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003), *cert. denied*, 543 U.S. 917 (2004). A private entity acts under color of state law for purposes of Section 1983 under three circumstances: when the entity performs a function which is "exclusively reserved to the state"; when the state "has exercised coercive power over or has provided such significant encouragement" for a private decision; or where the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Id.* (internal quotations and citations omitted).

In this case, Askew pleads only that Raytheon is a contractor that manufactures military weapons for the United States Department of Defense. Complaint ¶ 3.  He does not plead that the defendants engaged in any behavior that is exclusively reserved to the state, nor does he allege that the state compelled the defendants to act or that the state had any involvement in the defendants' actions with respect to his employment.  As a result, he has failed to allege that the defendants acted under color of state law.  Askew's Fourteenth Amendment claim is therefore dismissed.

### 5. *The Breach-of-Contract Claim*

Lastly, the defendants argue that Askew's breach-of-contract claim should be dismissed.  *See* Motion to Dismiss at 11-12.  The court concludes that the proposed amended complaint sufficiently remedies any deficiencies in the plaintiff's breach-of-contract claim to survive a motion to dismiss.  *See* Proposed Amended Complaint ¶¶ 35(b).  Therefore, the defendants' motion to dismiss that claim is denied as moot.

### B. The Plaintiff's Motion to Amend

The plaintiff has moved to amend his complaint to add a retaliation claim and claims from a second plaintiff, Sheldon Ellis.  *See* Motion to Amend.  Plaintiffs can join their claims in one suit if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to

all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). In discrimination cases, the first requirement can be satisfied if plaintiffs allege a common pattern or practice of discrimination. See *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989).

The court concludes that there are enough similarities in the alleged discrimination faced by Askew and Ellis to justify joinder. There are several similarities between their claims that, combined, could evidence a common pattern or practice of discrimination: both worked for Raytheon within the same time frame, both were allegedly micro-managed by their supervisors in a way that their white coworkers were not, both allegedly had their complaints to the human resources department ignored, and both allegedly had yearly pay raises withheld. The court concludes that these similarities sufficiently illustrate a common discriminatory pattern or practice and can thus be considered to arise out of the same series of transactions or occurrences under Federal Rule of Civil Procedure 20(a)(1)(A). Furthermore, determining whether such actions violate Title VII presents the court with common questions of law, satisfying Federal Rule of Civil Procedure 20(a)(1)(B).

The defendants object that a trial on both Askew and Ellis's claims could confuse jurors and prejudice the defendants. *See* Defendants' Response at 8-10. If this case nears trial and there appears to be a legitimate threat of juror confusion, the

court can sever the cases for trial purposes. *See* FED. R. CIV. P. 20(b). Therefore, the motion to amend is granted insofar as it adds Ellis as a plaintiff.

The plaintiff's motion is not, however, granted in full. A motion to amend should be denied if amending a claim would be futile. *Avatar Exploration, Inc., v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-321 (5th Cir. 1991). "The liberal amendment rules of F.R. CIV. P. 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968). Askew cannot remedy the deficiencies in his 14th Amendment claim, his Section 1981 claim, or his claims against the individual defendants. Therefore, the motion to amend is denied as to Askew's 14th Amendment claim, his claims against the individual defendants, and his Section 1981 claims.

## III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **GRANTED** as to the plaintiff's Title VII, Section 1981, and 14th Amendment claims, and **DENIED** as moot as to the plaintiff's breach-of-contract claim. The plaintiff's motion to amend is **GRANTED** insofar as the plaintiff may file an amended complaint that attempts to correct (if he can) the deficiencies in his Title VII hostile work environment and discrimination claims, that brings his new retaliation claim, and that adds Sheldon Ellis as a plaintiff; and **DENIED** as to filing an amended complaint that brings Askew's 14th Amendment claim, his Section 1981 claims, or

his claims against the individual defendants. The plaintiff shall electronically file his amended complaint by **April 28, 2014**. The plaintiff's claims against the defendants Johann Bauer and Ben Tong are hereby **DISMISSED**.

    **SO ORDERED**.

April 17, 2014.

                                            /s/ A. Joe Fish
                                            **A. JOE FISH**
                                            **Senior United States District Judge**